UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAMEL CHANEY-SNELL,

    Plaintiff,

v.                                                                                            Case No. 20-13064

ANDREW YOUNG,                                                             Honorable Nancy G. Edmunds
ST. CLAIR COUNTY,
ANDREW TEICHOW, and
CITY OF PORT HURON,

    Defendants.

_____/

**ORDER REGARDING DEFENDANT TEICHOW'S
MOTION FOR RECONSIDERATION OR CLARIFICATION [43]**

This civil rights lawsuit filed pursuant to 42 U.S.C. § 1983 arises out of the execution of a search warrant and subsequent arrest of Plaintiff Kamel Chaney-Snell on February 6, 2019.  (ECF No. 1.)  Plaintiff brought a Fourth Amendment claim, alleging excessive force and/or failure to intervene, against Defendant Officers Andrew Young and Andrew Teichow and a *Monell* claim against Defendants St. Clair County and City of Port Huron.  In an opinion and order on the parties' motions for summary judgment, the Court dismissed Plaintiff's *Monell* claim against both municipalities but found that Plaintiff's Fourth Amendment claim against both Defendant Officers survives summary judgment. (ECF. 39.)  The matter is now before the Court on Defendant Teichow's motion for reconsideration or clarification of that order.[1]  (ECF No. 43.)

---

[1] Under Eastern District of Michigan Local Rule 7.1(h)(3), no response to a motion for reconsideration and no oral argument are permitted unless the Court orders otherwise.

1

**I.     Legal Standard**

In this district, "[m]options for reconsideration of non-final orders are disfavored" and may be brought only on the following grounds:

> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision; (B) An intervening change in controlling law warrants a different outcome; or (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. Local Rule 7.1(h)(2).  Defendant Teichow only points to the first ground for relief here.

Generally, a motion for reconsideration is "not the proper vehicle to relitigate issues previously considered."  See *Nagle Indus., Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 255 (E.D. Mich. 1997) (internal quotation marks and citation omitted).  Nor is it intended to give parties the opportunity to raise new arguments "which could, and should, have been made" before the prior decision.  See *Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (internal quotation marks and citation omitted).

**II.    Analysis**

To summarize briefly, the Court notes that Plaintiff's claim against Defendant Officers stems from allegedly being punched in the eye twice and then dragged across the room and kneeled upon after being handcuffed during the February 6, 2019 incident.

Defendant Teichow asks the Court to reconsider its ruling that a reasonable jury could find him liable for a violation of Plaintiff's Fourth Amendment rights.  Alternatively, Defendant Teichow asks the Court to clarify its previous ruling.  He notes that the Court stated in its order that both Defendant Officers could be found liable under either an

excessive force or failure to intervene theory, but the evidence indicates that Defendant Young is the officer who punched Plaintiff.

To the extent Defendant Teichow seeks reconsideration, the Court declines to reconsider the arguments it considered previously.  For example, Defendant Teichow argues that he did not have a duty to intervene when Defendant Young punched Plaintiff twice because the punches happened quickly.  But the Court found that there is a question of fact as to when Plaintiff was struck.  Because a jury could find that the punches took place over a period longer than a few seconds, Defendant Teichow may have had a duty to intervene.  *See Goodwin v. City of Painesville*, 781 F.3d 314, 319, 329 (6th Cir. 2015) (finding a jury could conclude that a reasonable officer had sufficient opportunity to intervene during tasings that lasted a total of twenty-six seconds).  But to the extent the Court's order may have been unclear as to which theory of liability applies to Defendant Teichow, the Court clarifies that it found a genuine issue of fact as to whether he violated Plaintiff's Fourth Amendment rights under a failure to intervene theory with regard to the punches and under either an excessive force or failure to intervene theory with regard to the dragging and kneeling.

### III.     Conclusion

For the foregoing reasons, Defendant Teichow's motion is DENIED to the extent he seeks reconsideration but GRANTED to the extent he seeks clarification.  Which theory of liability applies to Defendant Teichow is clarified as noted above.

SO ORDERED.

                                           s/Nancy G. Edmunds
                                           Nancy G. Edmunds
                                           United States District Judge

Dated: October 18, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 18, 2022, by electronic and/or ordinary mail.

<u>s/Lisa Bartlett</u>
Case Manager